IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Orvin David Melendez Canales,<br><br>    Petitioner,<br><br>v.<br><br>Luis Rocha, et al.,<br><br>    Respondents. | No. CV-25-04248-PHX-SHD (DMF)<br><br>**ORDER** |

  Petitioner filed a Petition for Writ of Habeas Corpus and Request for Order to Show Cause under § 2241.  (Doc. 1.)  The Court will order Respondents[1] to show cause why the Petition should not be granted.

**I. Background**

  Petitioner is a citizen of Honduras who entered the United States "on or about the year 2012."  (Doc. 1 ¶ 43.)  On September 24, 2025, he was arrested on his way to work and was issued a Notice to Appear that charged him with removability under 8 U.S.C. § 1182(a)(6)(A)(i).  (*Id.* ¶ 45.)  A July 8, 2025 policy guidance memorandum issued by ICE announced that DHS had revisited the government's legal position on detention and release authorities.  Under this "revisited" legal position, noncitizens present without admission are now subject to mandatory detention under 8 U.S.C. § 1225(b), rather than

---

[1] Petitioner names Florence Correctional Center Warden Luis Rocha; Immigrations and Customs Enforcement ("ICE") Phoenix Field Office Director John Cantu; ICE Acting Director Todd Lyons; United States Department Homeland Security ("DHS") Secretary Kristi Noem; Attorney General Pamela Bondi; and Executive Office for Immigration Review ("EOIR") as Respondents.

discretionary detention under 8 U.S.C. § 1226(a), because, under 8 U.S.C. § 1225(a)(1), they are deemed applicants for admission. (*Id.* ¶ 29.) The memo led to a recent Board of Immigration Appeals decision in *In re Hurtado*, 29 I&N 216 (B.I.A. 2025), adopting the memo's analysis and determining noncitizens present without admission are subject to mandatory detention under 8 U.S.C. § 1225(b). Because immigration judges are bound by that decision, Petitioner alleges it would be futile to seek custody redetermination.

Petitioner filed the instant petition arguing his classification as an applicant for admission violates the language of 8 U.S.C. § 1225(b)(2)(A), the regulations applicable to bond proceedings, and his due process rights. Petitioner requests release from custody or a bond hearing.

## II.     Order to Show Cause

Dozens of other district courts have recently held that immigration petitioners present in the United States without admission are not applicants for admission under § 1225(b)(2)(A) and, therefore, are not subject to mandatory detention. *See, e.g., Capote v. Secretary of U.S. Dep't of Homeland Sec.,* 2025 WL 3089756, *5 nn.3-4 (E.D. Mich. 2025) (noting that "[o]nly two of at least 36 district courts to have addressed this issue have held that § 1225(b)(2) applies to those in the same circumstances as Petitioner" and canvassing the relevant cases). Another Judge in this district recently reached the same conclusion. *Francisco Echevarria v. Pam Bondi, et al.,* CV-25-03252-PHX-DWL (ESW), 2025 WL 2821282, at *9 (D. Ariz. October 3, 2025). Based on Petitioner's allegations, he entered this country over a decade ago and was not classified as an arriving alien in his Notice to Appear. The Court's review of the Petition further suggests that this case is virtually indistinguishable from *Echevarria,* and that Petitioner is thus entitled to a bond hearing. Respondents must therefore show cause why the Petition should not be granted.

**IT IS THEREFORE ORDERED:**

(1)     Counsel for Petitioner must immediately serve the Petition upon Respondents.

(2)     If not already issued, the Clerk's Office must issue any properly completed summonses.

(3)     The Clerk of Court must immediately transmit by email a copy of this Order and the Petition to the United States Attorney for the District of Arizona, to the attention of Katherine Branch at katherine.branch@usdoj.gov, Melissa Kroeger at melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov, and Theo Nickerson at Theo.Nickerson2@usdoj.gov.

(4)     Respondents must show cause no later than **December 1, 2025** why the Petition should not be granted. Petitioner may file a reply no later than **December 3, 2025**.

Dated this 21st day of November, 2025.

_____
Honorable Sharad H. Desai
United States District Judge