# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Orvin David Melendez Canales, | No. CV-25-04248-PHX-SHD (DMF) |
| Petitioner, | **ORDER** |
| v. | |
| Luis Rocha, et al., | |
| Respondents. | |

Petitioner filed a Petition for Writ of Habeas Corpus under § 2241 and Request for Order to Show Cause challenging his immigration detention. (Doc. 1.) In a November 21, 2025 Order, the Court ordered Respondents to show cause ("the OSC") why the Petition should not be granted. (Doc. 4.) The OSC is fully briefed. (Docs. 14, 15.) For the reasons that follow, the Petition is granted, and Respondents must either release Petitioner from custody or provide a bond hearing within seven days.

**I.    Background**

Petitioner is a citizen of Honduras who entered the United States "on or about the year 2012." (Doc. 1 ¶ 43.) On September 24, 2025, he was arrested on his way to work and was issued a Notice to Appear that charged him with removability under 8 U.S.C. § 1182(a)(6)(A)(i). (*Id.* ¶ 45.) Petitioner did not seek custody redetermination because under a recent Board of Immigration Appeals decision, *In re Hurtado*, 29 I&N 216 (B.I.A. 2025), noncitizens present without admission are subject to mandatory detention under 8 U.S.C. § 1225(b). (*Id.* ¶ 48.)

1     Petitioner filed the instant Petition challenging his classification as an arriving alien under 8 U.S.C. § 1225(b)(2)(A) as violative of 8 U.S.C. § 1226(a)(2); arguing his detention without bond also violates the regulations applicable to bond hearings; and challenging his detention on due process grounds. In the OSC, the Court observed that Petitioner's case was virtually indistinguishable from *Echevarria v. Bondi*, CV-25-03252-PHX-DWL (ESW), 2025 WL 2821282, at *9 (D. Ariz. Oct. 3, 2025), in which the district court determined individuals like Petitioner are governed by § 1226 and not § 1225(b)(2)(A). (Doc. 4 at 2.)

## II. Analysis—Interpretation of 8 U.S.C. § 1225 and 8 U.S.C. § 1226

Respondents indicate they

> acknowledge[] Judge Lanza's conclusion in *Echevarria v. Bondi*, No. 2:25-cv-03252-DWL, 2025 WL 2821282 (D. Ariz. Oct. 3, 2025), cited by this Court in its order dated November 21, 2025 (Doc. 4). The government continues to respectfully disagree with *Echevarria*.
>
> * * *
>
> The government maintains its position that Petitioner is subject to mandatory detention under § 1225(b)(2). Section 1225 applies to "applicants for admission," such as Petitioner, who are defined as "alien[s] present in the United States who [have] not been admitted" or "who arrive[] in the United States." 8 U.S.C. § 1225(a)(1). Applicants for admission "fall into one of two categories, those covered by § 1225(b)(1) and those covered by § 1225(b)(2)." *Jennings* [*v. Rodriguez*, 583 U.S. 281, 287 (2018)].

(Doc. 14 at 5, 6.)

    Nothing in Respondents' brief persuades the Court that its analysis is mistaken. Indeed, Judge Lanza specifically noted that "[g]iven that an immigrant submits an 'application for admission' at a distinct point in time, stretching the phrase 'at the time of application for admission' to refer to a period of years would push the statutory text beyond its breaking point." *Id.* at *6.

    The Court is also aware of several decisions adopting Respondents' argument. *Valencia v. Chestnut*, 2025 WL 3205133 (E.D. Cal. Nov. 17, 2025); *Alonzo v. Noem*, 2025

WL 3208284 (E.D. Cal. Nov. 17, 2025); *Mejia Olalde v. Noem*, 2025 WL 3131942 (E.D. Mo. Nov. 10, 2025); *Sandoval v. Acuna*, 2025 WL 3048926 (W.D. La. Oct. 31, 2025); *Rojas v. Olson*, 2025 WL 3033967 (E.D. Wisc. Oct. 30, 2025); *Garibay-Robledo v. Noem*, No. 1:25-CV-177-H, Doc. 9 (N.D. Tex. Oct. 24, 2025); *Vargas Lopez v. Trump*, 2025 WL 2780351 (D. Neb. Sept. 30, 2025), *Chavez v. Noem*, 2025 WL 2730228 (S.D. Cal. Sept. 24, 2025); *Pipa-Aquise v. Bondi*, No. 25-1094, 2025 WL 2490657 (E.D. Va. Aug. 5, 2025); *Pena v. Hyde*, No. 25-11983, 2025 WL 2108913 (D. Mass. July 28, 2025). But Respondents' view clearly represents the minority position—in the weeks since the district court considered the issue in *Echevarria*, dozens of other courts have reached the same conclusion. *See, e.g., Quinapanta v. Bondi*, 2025 WL 3157867, *6 (W.D. Wisc. Nov. 12, 2025) ("[M]ore than 45 district courts have now rejected similar arguments made by respondents here and ordered bond hearings for noncitizens who, like petitioner, were apprehended within the United States years after entering without admission or inspection unless implicated by any criminal activity covered by § 1226(c). These decisions, along with a growing number of others now including this court have concluded that the statutory text, the statute's history, Congressional intent, and § 1226(a)'s application for the past three decades support its application to noncitizens in petitioner's position.") (cleaned up).

Having reviewed the recent decisions adopting the minority view, the Court agrees with the conclusion reached by the district court in *Echevarria*. For these reasons, the Petition is granted as to Counts One and Three, and Petitioner must receive a bond hearing under 8 U.S.C. § 1226(a).[1]

**IT IS ORDERED:**

1. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted as to Counts One and Three**. The remainder of the Petition is denied as moot.
2. Respondents must provide Petitioner a bond redetermination hearing within **seven days** or release him from custody under the same conditions that existed before his detention.

---

[1] Because the Court grants relief as to Counts One and Three, it will deny the remainder of the Petition as moot.

3. Respondents must provide a notice of compliance within **two days** of releasing Petitioner or providing him a bond hearing.
4. All remaining motions are denied as moot.
5. The Clerk of Court shall enter judgment in Petitioner's favor and close this case.

Dated this 9th day of December, 2025.

_____
Honorable Sharad H. Desai
United States District Judge